# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SHERRY SKEENS,

:

Plaintiff,

Case No. 3:12-cv-40

-vs-

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

Defendant.

:

## REPORT AND RECOMMENDATIONS

Plaintiff brought this action pursuant to 42 U.S.C. §405(g) and 42 U.S.C. §1381(c)(3) as it incorporates §405(g), for judicial review of the final decision of Defendant Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security benefits. The case is now before the Court for decision after briefing by the parties directed to the record as a whole.

Judicial review of the Commissioner's decision is limited in scope by the statute which permits judicial review, 42 U.S.C. §405(g). The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *citing, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986).

1

Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law), against the Commissioner if this case were being tried to a jury.  *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole.  *Hepner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365 (6th Cir. 1984); *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984).  However, the Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility.  *Garner, supra.*  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the Court as a trier of fact would have arrived at a different conclusion.  *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir. 1981).

To qualify for disability insurance benefits (SSD), a claimant must meet certain insured status requirements, be under age sixty-five, file an application for such benefits, and be under a disability as defined in the Social Security Act, 42 U.S.C. § 423. To establish disability, a claimant must prove that he or she suffers from a medically determinable physical or mental impairment that can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §423(d)(1)(A). Secondly, these impairments must render the claimant unable to engage in the claimant's previous work or in any other substantial gainful employment which exists in the national economy.  42 U.S.C. §423(d)(2).

To qualify for supplemental security benefits (SSI), a claimant must file an application and be an "eligible individual" as defined in the Social Security Act.  42 U.S.C. §1381a.  With

respect to the present case, eligibility is dependent upon disability, income, and other financial resources. 42 U.S.C. §1382(a). To establish disability, a claimant must show that the claimant is suffering from a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §1382c(a)(A). A claimant must also show that the impairment precludes performance of the claimant's former job or any other substantial gainful work which exists in the national economy in significant numbers. 42 U.S.C. §1382c(a)(3)(B). Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. *See,* 20 C.F.R. § 416.335.

Plaintiff filed applications for SSD and SSI in January, 2005, which the Commissioner denied at the initial and reconsideration levels. See Tr. 47. Administrative Law Judge Thaddeus Armstead held a hearing and on June 11, 2008, he determined that Plaintiff was not disabled, Tr. 47-57, and Plaintiff took no further appeal.

Plaintiff filed an application for SSD on June 12, 2008, and for SSI on August 15, 2008, alleging disability from June 11, 2008, due to spondylosis of the lower cervical spine, hypertrophic spurs, depression, and colon problems. Tr. 83; 595;102. On August 22, 2008, the Commissioner denied Plaintiff's application for SSD on the basis that she lacked insured status. Tr. 58-60. Subsequently, the Commissioner determined that Plaintiff met the insured status requirement of the Act through December 31, 2009, and therefore elevated Plaintiff's SSD application to the hearing level. Administrative Law Judge Carol Bowen held a hearing, Tr. 672-96, following which she determined Plaintiff is not disabled. Tr. 17-34. The Appeals Council denied Plaintiff's request

3

for review, Tr. 6-9, and Judge Bowen's decision became the Commissioner's final decision. See *Kyle v. Commissioner of Social Security,* 609 F.3d 847, 854 (6th Cir. 2010).

In determining that Plaintiff is not disabled, Judge Bowen found that Plaintiff has severe lumbar and cervical degenerative disc disease with residuals of cervical spinal fusion, major depression, recurrent without psychotic features, an anxiety disorder with post-traumatic stress disorder symptoms, and panic disorder without agoraphobia, but that that she does not have an impairment or combination of impairments that meets or equals the Listings. Tr. 23, ¶ 3; Tr. 24, ¶ 4. Judge Bowen found further that Plaintiff has the residual functional capacity to perform a limited range of light work. Tr. 27, ¶ 5. Judge Bowen then used section 202.21 of the Grid as a framework for deciding, coupled with a vocational expert's (VE) testimony concluded that there is a significant number of jobs Plaintiff is capable of performing. Tr. 32, ¶ 10. Judge Bowen concluded that Plaintiff is not disabled and therefore not entitled to benefits under the Act. Tr. 33.

Plaintiff underwent an anterior cervical discectomy with decompression and interbody fusion and plating in May, 2005, which neurosurgeon Dr. Taha performed. Tr. 180-81.

Examining psychologist Dr. Wuebker reported on August 24, 2005, that, based on his examination, Plaintiff's diagnoses were major depression and panic disorder without agoraphobia and he assigned her a GAF of 50. See Tr. 50-51.

On January 5, 2006, Plaintiff consulted with Dr. Taha for complaints of back pain. Tr. 179. Dr. Taha reported that Plaintiff was intoxicated when she arrived for the diskogram which was rescheduled, that the diskogram was negative, and that there was an issue about Plaintiff's use of pain medication. *Id.* Dr. Taha recommended that Plaintiff not have surgery. *Id.*

An MRI of Plaintiff's lumbar spine performed on June 18, 2007, revealed mild

degenerative changes and mild narrowing of the central canal at L3-4 and L4-5 due to mild central disc protrusion. Tr. 195.

Dr. Taha reported on August 2, 2007, that he had reviewed Plaintiff's recent MRI and he recommended that Plaintiff not have surgery. Tr. 176. Dr. Taha did recommend that Plaintiff lose weight and engage in exercise. *Id.*

Plaintiff underwent a sleep study on May 31, 2006, which disclosed periodic limb movement with mild sleep apnea and obstructive sleep apnea syndrome. Tr. 168.

The record contains treating physician Dr. Zaraby's office notes dated January 29, 2007, through June 16, 2008, and which reveal that Dr. Zaraby treated Plaintiff for various medical conditions including lumbosacral disc disease, chronic back pain, chronic neck pain, and gastritis. Tr. 214-72. On September 19, 2008, Dr. Zaraby reported that Plaintiff had undergone neck surgery in the past without complete resolution of her symptoms, that she would likely need surgical intervention for her lower disc disease, medications controlled her pain, and that her ability to lift heavy materials was limited. *Id.*

Dr. Zaraby referred Plaintiff to psychologist Dr. Smith who reported on October 29, 2007, that Plaintiff graduated from high school, had taken some college courses, cried almost every day, had a sad mood, and that she had no psychiatric treatment in the past. *Id.* Dr. Smith also reported that Plaintiff had problems with concentration and memory, her affect was blunted, she rarely made eye contact, and that she denied using illicit drugs, tobacco, and/or alcohol. *Id.* Dr. Smith identified Plaintiff's diagnosis as major depressive disorder, single episode, severe, and he recommended antidepressant medication and counseling. *Id.*

On May 11, 2008, Plaintiff sought emergency room treatment for complaints of right

flank pain, the health care provider identified Plaintiff's diagnoses as enterocolitis and urinary tract infection. Tr. 333. Plaintiff underwent a CT scan of her abdomen which revealed, *inter alia,* some thickening of the small bowel looped wall. *Id.* Plaintiff was treated and released. *Id.*

Plaintiff consulted with gastroenterologist Dr. Gootzeit in June, 2008, at which time she reported that recent CT scan revealed thickening of the small bowel wall, and that she had abdominal pain and was losing weight. Tr. 313. Plaintiff subsequently underwent an EGD and colonoscopy which Dr. Gootzeit performed and which revealed atrophic gastritis, a small hiatal hernia, esophagitis, and duodenitis. Tr. 279-80; 281-83. On August 21, 2008, Dr. Gootzeit noted that Plaintiff had reported her appetite was improved and that she had no more abdominal pain. Tr. 277.

On October 9, 2008, Plaintiff sought emergency room treatment after reportedly being assaulted by her husband. Tr. 477-81. A CT of Plaintiff's facial bones and head revealed multiple facial fractures. *Id.* Plaintiff's health care provider noted the slight odor of alcohol on Plaintiff's breath and identified her diagnosis as multiple nasal fractures with left maxillary sinus involvement secondary to an alleged assault and she was treated and released. *Id.*

An October 16, 2008, pelvic ultrasound revealed multiple fibroids and right ovarian cysts. Tr. 414.

Examining psychologist Dr. Boerger reported on October 27, 2008, that Plaintiff has had some mental health treatment, it was recommended that she take an antidepressant, she graduated from high school, she stated she does not drink alcohol, and that she denied having a problem with abuse of alcohol or any other drugs. Tr. 367-72. Dr. Boerger also reported that Plaintiff's speech and thought processes were normal, her affect was appropriate, she alleged having trouble with

6

anxiety, she was alert and oriented, and that she alleged having trouble with her memory. *Id.* Dr. Boerger identified Plaintiff's diagnoses as major depressive disorder, single episode, moderate, and generalized anxiety disorder and he assigned her a GAF of 50. *Id.* Dr. Boerger opined that Plaintiff's abilities to relate to others and to understand and follow instructions were moderately impaired, her ability to maintain attention to perform simple repetitive tasks was mildly impaired, and her ability to withstand the stress and pressures associated with day-to-day work activity was markedly impaired. *Id.*

On November 24, 2008, in an addendum to his report, Dr. Boerger opined that Plaintiff's ability to withstand the stress and pressures associated with day-to-day work activity was moderately impaired as a result of her depression and anxiety. Tr. 393.

Plaintiff sought emergency room treatment for complaints of abdominal and/or pelvic pain on April 29, August 1, August 5, and October 18, 2009. See Tr. 482-83; 499; 503; 558. On those occasions, Plaintiff was treated and released. *Id.*

Plaintiff was hospitalized on an out-patient basis December 3, 2008, at which time she underwent a diagnostic hysteroscopy and dilatation and curettage. Tr. 403-05. Plaintiff's diagnosis was identified as menometorrhagia and multiple uterine fibroids. *Id.* In July, 2009, Plaintiff underwent a total abdominal hysterectomy. Tr. 490-97.

A lumbar spine MRI performed on November 24, 2009, revealed disc disease in the lower three lumbar levels, greatest at L3-4 and L4-5 with more right-sided neural encroachment. Tr. 516-17.

The record contains a copy of Plaintiff's treatment notes from Shelby County Counseling dated September 30, 2009, through May 5, 2010. Tr. 531-52. Those notes reveal that when

7

Plaintiff was first evaluated by counselor Emma Hecht, she was depressed and anxious and her diagnosis was identified as major depressive disorder, single episode. *Id.* Those records also reveal that Plaintiff failed to show for appointments with her counselor or cancelled appointments on September 10, October 20, and December 10, 2009, as well as on March 2, April 28, and May 4, 2010. *Id.*

On December 14, 2009, Plaintiff sought emergency room treatment for nasal pain and swelling. Tr. 556-57. Plaintiff's diagnosis was identified as nasal soft tissue infection and she was treated and released. *Id.*

Plaintiff sought emergency room treatment on May 10, 2010, for left ankle pain. Tr. 553-55. Plaintiff' diagnosis was identified as a grade I ankle sprain with a minor ankle avulsion and she was treated and released. *Id.*

In June, 2010, Plaintiff again sought mental health treatment at Shelby County Counseling. Tr. 566-79. At the time Plaintiff was initially evaluated by counselor Emma Hecht it was noted that Plaintiff was seeking treatment for depression, wanted training for a job that she was able to perform, had several grief issues, her diagnoses were major depression single episode and PTSD, and that her GAF was 40. *Id.* Although Plaintiff met with her counselor on July 6, 2010, on July 20, 2010, she did not show for her appointment or call her counselor. *Id.*

Plaintiff alleges in her Statement of Errors that the Commissioner erred by failing to give the proper evidentiary weight to the opinion of Emma Hecht, her mental health counselor, by failing to properly evaluate her credibility, and by failing to properly apply *Drummond v. Commissioner of Social Security*, 126, F.3d 837 (6th Cir. 1997).

Since a resolution of the *Drummond* issue would arguably affect the ultimate disposition of

this matter, the Court will address Plaintiff's *Drummond* argument first.

The thrust of Plaintiff's argument is that the Commissioner failed to abide by *Drummond, supra*, and Acquiescence Ruling (AR) 98-4(6), 1998 WL 283902 (June 1, 1998), which essentially provide that absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the residual functional capacity finding of a previous ALJ. Plaintiff's position is that Judge Bowen was bound by Judge Armstead's previous determination as to her mental residual functional capacity. However, Plaintiff points only to the fact that Judge Bowen determined that she (Plaintiff) has an additional severe mental impairment, to wit: anxiety disorder with post-traumatic stress disorder symptoms. PageID 59. Plaintiff does not point to any specific functional limitations that have changed since Judge Armstead's decision. Rather, her argument is that the presence of an additional diagnosis indicates that "there has been a change in the nature of [her] mental impairments." PageID 60.

Of course, the presence of a diagnosis alone is never conclusive evidence of disability. *See, Young v. Secretary of Department of Health and Human Services,* 925 F.2d 146 (6th Cir. 1990). The mere diagnosis of an impairment does not indicate the severity of the condition nor the limitations, if any, that it imposes. *Id.*

As noted above, Plaintiff's treatment records from Ms. Hecht dated September 30, 2009, through May 4, 2010, the time period between Judges Armstead's and Bowen's decisions, reveal that Plaintiff frequently either did not show for her scheduled counseling appointments or cancelled her appointments. The fact that Plaintiff missed numerous counseling sessions indicates that she received only periodic counseling from Ms. Hecht. In addition, those records indicate that Plaintiff did not receive a referral to a psychiatrist for treatment or even medications. In addition,

9

subsequent to Judge Armstead's decision, examining psychologist Dr. Boerger reported, that Plaintiff is, at worst, moderately impaired in her abilities to function. That is consistent with Judge Armstead's earlier findings. See Tr. 53. Finally, the opinion of the reviewing mental health expert who offered his opinion after Judge Armstead issued his decision is also consistent with Judge Armstead's earlier findings. Compare Tr. 374-91, with, Tr. 53.

Under these facts, this Court concludes that the Commissioner did not err by failing to properly apply *Drummond, supra,* and AR 98-4(6).

Plaintiff also argues that the Commissioner erred by failing to give the proper evidentiary weight to the opinion of her counselor, Ms. Hecht.

First, Plaintiff acknowledges that Ms. Hecht is not an "acceptable medical source". PageID 54-55. Nevertheless, Plaintiff's position is that a mental health counselor's opinion is entitled to consideration due to the counselor's expertise and nature of the counselor's relationship with her client. Relying on *Cole v. Astrue,* 661 F.3d 931, 939 n. 4 (2011), Plaintiff points out the importance of addressing the opinion of a mental health counselor as a valid "other source". PageID 55.

A review of Judge Bowen's decision reveals that, after noting that Ms. Hecht is not an acceptable source, Judge Bowen considered her findings and rejected them on the basis that they were inconsistent with other evidence in the record. Tr. 29; 31. Specifically, Judge Bowen determined that Ms. Hecht's findings were not entitled to great, if any weight, because the record reveals that Plaintiff had received, at best, sporadic treatment which, the Court notes, is reflected by Plaintiff's frequent appointment "no-shows" and cancellations. Further, as noted, Plaintiff was never referred for psychiatric and/or medical intervention. In addition, Judge Bowen determined that Ms. Hecht's opinion is inconsistent with the other mental health evidence in the record. As

10

noted above, Dr. Buerger opined that Plaintiff is, at worst, moderately limited in her abilities to perform work-related functions. Finally, as Judge Bowen noted, Ms. Hecht's opinion is inconsistent with the reviewing psychologist's opinion.

Under these facts, this Court concludes that the Commissioner did not err in his evaluation of and ultimate rejection of Ms. Hecht's findings and conclusions.

Plaintiff also argues that the Commissioner erred in evaluating her credibility.

It is, of course, for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant. *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 247 (6th Cir. 2007)(citations omitted). An administrative law judge's credibility findings are entitled to considerable deference and should not be lightly discarded. *See, Villarreal v. Secretary of Health and Human Services,* 818 F.2d 461 (6th Cir. 1987); *Casey v. Secretary of Health and Human Services,* 987 F.2d 1230 (6th Cir. 1993). Determination of credibility related to subjective complaints rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant is invaluable and should not be discarded lightly. *Gaffney v. Bowen,* 825 F.2d 98 (6th Cir. 1987).

In determining that Plaintiff was not entirely credible, Judge Bowen noted that the record contained inconsistencies related to Plaintiff's self-reports, reflected that an emergency room physician suspected that Plaintiff was engaging in drug-seeking behavior, revealed that Plaintiff has generally received only conservative treatment, and that the medical evidence did not support Plaintiff's allegations. Tr. 30-31.

A review of the record indicates that Judge Bowen's analysis of Plaintiff's credibility is supported by substantial evidence. For example, although Plaintiff reported that she was

hospitalized for two weeks after her husband beat her, (Tr. 547), treatment records from that incident reveal that Plaintiff was treated and released from the emergency room the same night that the incident occurred. Tr. 477-78. In addition, although Plaintiff reported at one time that she sustained the facial injuries when her husband beat her, (Tr. 547), at another time, she reported that she sustained the facial injuries when she was in an automobile accident. Tr. 491. Moreover, Plaintiff reported that she had not undergone lumbar spine surgery because her treating neurosurgeon, Dr. Taha, had advised her that it would be more harmful than helpful. Tr. 648; 678-79. However, a review of Dr. Taha's notes do not support Plaintiff's allegation. Tr. 172-213.

The record also supports Judge Bowen's determination that at least one physician suggested that Plaintiff engaged in drug-seeking behavior. Tr. 483. Further, as noted above, Plaintiff's mental health treatment was sporadic primarily because she either cancelled appointments or simply did not show for scheduled appointments.

Under these facts, this Court concludes that the Commissioner had an adequate basis for finding that Plaintiff was not entirely credible. Therefore, the Commissioner did not error in this regard.

The Court's duty on appeal is not to re-weigh the evidence, but to determine whether the decision below is supported by substantial evidence. *See, Raisor v. Schweiker,* 540 F.Supp. 686 (S.D.Ohio 1982). The evidence "must do more than create a suspicion of the existence of the fact to be established. ... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Secretary of Health and Human Services,* 802 F.2d 839, 840 (6th Cir. 1986), *quoting, NLRB v.*

*Columbian Enameling & Stamping Co.,* 306 U.S. 292, 300 (1939). The Commissioner's decision in this case is supported by such evidence.

It is therefore recommended that the Commissioner's decision that Plaintiff was not disabled and therefore not entitled to benefits under the Act be affirmed.

October 15, 2012  s/Michael R. Merz
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).